IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-546-BO

CARLOS CORIA-SANCHEZ, )
)
   Plaintiff, )
)
v. ) MEMORANDUM &
) RECOMMENDATION
UNC CHARLOTTE, )
)
   Defendant. )

This matter is before the court on Plaintiff's *pro se* application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). Upon review of the complaint, it appears this matter was filed in the wrong district and should be transferred to the Western District of North Carolina.

Plaintiff, an employee at the University of North Carolina at Charlotte, alleges he was denied tenure, salary increases, and promotion to full professor for discriminatory reasons in violation of Title VII of the Civil Rights Act. Compl. [DE-1-1] at 4. Plaintiff is a resident of Charlotte, and Defendant is located in Charlotte where the events at issue are alleged to have taken place. *Id.* at 1–2, 4. Charlotte is located in the Western District of North Carolina.

A civil action where jurisdiction is not based on diversity, such as this one, may be brought only in (1) "a judicial district where any defendant resides, if all defendants reside in the same State," (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, . . ." or (3) " a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Plaintiff makes no allegations that would support a finding of proper venue in this district and, the court finds that it is in the interest of justice to transfer this matter to the Western District of North Carolina. *See*

1

28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."). Accordingly, it is recommended that Plaintiff's case be transferred to the United States District Court for the Western District of North Carolina where all parties are located and the events giving rise to the claim occurred. *See Durham v. Accelerated Fin. So.*, No. 5:14-CV-655-F, 2014 WL 6435279, at *2 (E.D.N.C. Nov. 14, 2014) (transferring case from the Eastern to Middle District where there was no allegation from which it could be inferred that defendant resided in the Eastern District and the events giving rise to the matter did not occur in the Eastern District.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. You shall have until **December 20, 2018** to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

**If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline will bar you from appealing to the Court of Appeals from an order or**

**judgment of the presiding district judge based on the Memorandum and Recommendation.**

*See Wright v. Collins*, **766 F.2d 841, 846-47 (4th Cir. 1985).**

Submitted, this the __3__ day of December 2018.

_____
Robert B. Jones, Jr.
United States Magistrate Judge